**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GLOBAL CARPET CLEANING, | |
| Plaintiff, | Civil Action No. 19-1171 (BAH) |
| v. | Chief Judge Beryl A. Howell |
| CATHAL ARMSTRONG, | |
| Defendant. | |

**MEMORANDUM OPINION**

Global Carpet Cleaning initiated this action on April 23, 2019 to recover for water-damage-remediation services performed for Cathal Armstrong on February 7, 2018. *See* Compl. at 1, ECF No. 1. After completing those contracted-for services, Global Carpet Cleaning sent Armstrong an invoice for $18,202.92. *Id.* In April 2018, Armstrong made a $5,000 payment. *Id.* Armstrong allegedly promised to pay the remaining $13,202.92 by June 1, 2018 but did not do so, which, Global Carpet Cleaning alleges, "has caused serious prejudice to our company and has drastically hindered our ability to evolve as a business, in addition to seriously inflicting emotional distress to us." *Id.* at 2. As a remedy, the complaint asks the Court "to instruct Armstrong, Cathal to pay the balance of $13,202.92 including 20% interest ($2,640.58) and all the legal costs (court fees and others). The specific amount we are requesting from the defendant at this point in time is $15,843.50." *Id.*

Federal courts have limited jurisdiction, authorized to hear only "civil actions arising under the Constitution, laws, or treaties of the United States," *see* 28 U.S.C. § 1331, or "civil actions where the matter in controversy exceeds the sum or value of $75,000" and the suit is between citizens of different states, *see id.* § 1332. "[A] district court may dismiss a complaint

1

*sua sponte* prior to service on the defendants pursuant to Fed. R. Civ. P. 12(h)(3) when . . . it is evident that the court lacks subject-matter jurisdiction." *Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010).

The complaint here does not state a claim arising under the Constitution or federal law, but rather seek remedies for the defendant's alleged breach of contract. The parties may be diverse—the defendant allegedly is a resident of the District of Columbia and the plaintiff lists a Maryland address.[1] Nevertheless, the amount in controversy is only $15,843.50. Therefore, this suit cannot be brought in federal court.

Accordingly, the Court will dismiss the complaint for lack of subject matter jurisdiction. An Order consistent with this Memorandum Opinion will be issued contemporaneously.

Date: April 29, 2019

_____
BERYL A. HOWELL
Chief Judge

---

[1] The plaintiff's citizenship for purposes of diversity is uncertain given that the complaint does not indicate Global Carpet Cleaning's corporate form.